01

02

03

04

05

06

07

08                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
09                                   AT SEATTLE

PAUL SIMONDS,                              )
10                                         )   Case No.  C06-1384-RSM-JPD
                         Plaintiff,        )
11                                         )
              v.                           )
12                                         )   REPORT AND RECOMMENDATION
                                           )
13   JUDGE FOX, *et al.*,                  )
                                           )
14                       Defendants.       )
     _____ )
15

16        Plaintiff, appearing *pro se*, recently filed an application to proceed *in forma pauperis*

17   (IFP) in this 42 U.S.C. § 1983 action.  Dkt. No. 1.   Plaintiff included with his application a

18   two page "Complaint" listing the presumed last names of two King County Superior Court

19   judges, two King County sherriff's deputies, an administrator and two commissioners of the

20   Washington Court of Appeals, and two other individuals.  *Id.*  Apart from the words

21   "negligence," "fraud" and "due process," and an indecipherable flurry of isolated references to

22   a host of federal statutes, RCW provisions, local rules and Federal Rules of Civil Procedure,

23   the complaint contains no further information regarding plaintiff's claims.  *Id.*   Nor does it

24   provide a request for relief, apart from the vague prayer for "mandatory injunction orders," the

25   desire "[t]o effectuate full and complete justice" and the request that both commissioners be

26   "imprisoned in jail."  *Id.*

REPORT & RECOMMENDATION
PAGE - 1

01    Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed

02  IFP and should dismiss an action if it is frivolous or the complaint fails to state a claim upon

03  which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920

04  F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law

05  or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

06    Here, plaintiff fails to allege any facts to place defendants on notice of the nature of his

07  claims, to request any relief, or to otherwise provide any basis for jurisdiction in this Court.

08  *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as defendants governmental

09  actors who enjoy immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427

10  (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Because this action appears frivolous

11  and, at any rate, fails to state a claim upon which relief can be granted, it is subject to dismissal

12  under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

13    The Court advises plaintiff of his responsibility to research the facts and law before

14  filing an action to determine whether his action is frivolous. If he files a frivolous action, he

15  may be sanctioned. *See* Fed. R. Civ. P. 11. The court would likely impose a sanction of

16  dismissal on any frivolous action. If plaintiff files numerous frivolous or malicious actions, the

17  court may bar him from proceeding IFP in this court. *See DeLong v. Hennessey*, 912 F.2d

18  1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).[1]

19    Accordingly, because of the deficiencies in plaintiff's IFP application and complaint, his

20

21    [1] The Court notes that plaintiff is a prolific litigator who has filed a half-dozen similar
lawsuits in the past two years against various governmental officers and attorneys in this district.
22  *See, e.g.*, *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Canby* (II), C06-1383-
JCC-JPD (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds
23  v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005). Indeed, a strikingly similar action previously filed
24  by plaintiff in this district was dismissed on grounds similar to those recommended by the Court
today. *See Fox* (I), C04-1887-JCC, Dkt. No. 13 (dismissing case for failure to comply with court's
25  order to show cause; court remained "unable to decipher Plaintiff's intent and meaning from his
filings"); *see also Simonds v. Fox*, Case No. 05-35218 (9th Cir. June 20, 2005) (deputy clerk
26  dismissing case for failure to prosecute).

REPORT & RECOMMENDATION
PAGE - 2

01 request to proceed IFP should be DENIED and this action DISMISSED without prejudice.

02 *See* 28 U.S.C. § 1915(e)(2)(B).  A proposed Order of Dismissal accompanies this Report and

03 Recommendation.  If plaintiff believes that the deficiencies outlined herein can be cured by an

04 amendment to his Complaint, he should lodge an Amended Complaint as a part of his

05 objections, if any, to this Report and Recommendation.

06

07         DATED this 27th day of September, 2006.

08                                                        *James P. Donohue*

09                                                        JAMES P. DONOHUE
                                                          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT & RECOMMENDATION
PAGE - 3