UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,  )
                Plaintiff,  ) Case No. C06-1384-RSM-JPD
       v.  )
                ) REPORT AND RECOMMENDATION
JUDGE FOX, *et al.*,  )
                Defendants.  )

Plaintiff, appearing *pro se*, recently filed an application to proceed *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 action. Dkt. No. 1. Plaintiff included with his application a two page "Complaint" listing the presumed last names of two King County Superior Court judges, two King County sherriff's deputies, an administrator and two commissioners of the Washington Court of Appeals, and two other individuals. *Id.* Apart from the words "negligence," "fraud" and "due process," and an indecipherable flurry of isolated references to a host of federal statutes, RCW provisions, local rules and Federal Rules of Civil Procedure, the complaint contains no further information regarding plaintiff's claims. *Id.* Nor does it provide a request for relief, apart from the vague prayer for "mandatory injunction orders," the desire "[t]o effectuate full and complete justice" and the request that both commissioners be "imprisoned in jail." *Id.*

REPORT & RECOMMENDATION
PAGE - 1

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss an action if it is frivolous or the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege any facts to place defendants on notice of the nature of his claims, to request any relief, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as defendants governmental actors who enjoy immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Because this action appears frivolous and, at any rate, fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises plaintiff of his responsibility to research the facts and law before filing an action to determine whether his action is frivolous. If he files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The court would likely impose a sanction of dismissal on any frivolous action. If plaintiff files numerous frivolous or malicious actions, the court may bar him from proceeding IFP in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).[1]

Accordingly, because of the deficiencies in plaintiff's IFP application and complaint, his

---

[1] The Court notes that plaintiff is a prolific litigator who has filed a half-dozen similar lawsuits in the past two years against various governmental officers and attorneys in this district. *See, e.g.*, *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Canby* (II), C06-1383-JCC-JPD (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005). Indeed, a strikingly similar action previously filed by plaintiff in this district was dismissed on grounds similar to those recommended by the Court today. *See Fox* (I), C04-1887-JCC, Dkt. No. 13 (dismissing case for failure to comply with court's order to show cause; court remained "unable to decipher Plaintiff's intent and meaning from his filings"); *see also Simonds v. Fox*, Case No. 05-35218 (9th Cir. June 20, 2005) (deputy clerk dismissing case for failure to prosecute).

01  request to proceed IFP should be DENIED and this action DISMISSED without prejudice.

02  *See* 28 U.S.C. § 1915(e)(2)(B).  A proposed Order of Dismissal accompanies this Report and

03  Recommendation.  If plaintiff believes that the deficiencies outlined herein can be cured by an

04  amendment to his Complaint, he should lodge an Amended Complaint as a part of his

05  objections, if any, to this Report and Recommendation.

07  DATED this 27th day of September, 2006.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 3